# Third District Court of Appeal

## State of Florida

Opinion filed September 28, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2396
Lower Tribunal No. 04-9793-B
_____

**Jorge Slaughter,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Jorge Slaughter, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and WELLS and LOGUE, JJ.

SUAREZ, C.J.

This is an appeal from an order summarily denying Defendant's post-conviction motion to correct his sentence. The Order ostensibly denies the

defendant's motion pursuant to Florida Rule of Criminal Procedure 3.800(a). On appeal from a summary denial, this Court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2) (A) and (D).

Because the postconviction record now before this Court fails to make the required showing, we reverse the order and remand for further proceedings consistent with this opinion. First, the trial court order is facially inconsistent in that it is captioned "Order Denying" defendant's motion, but within the body of the order it states that the court "hereby grants the Defendant's Motion to Correct Illegal Sentence by: ...." However, further within the body of the Order, it states that the motion is "hereby DENIED."

Additionally, the Order recites some history of Defendant's sentencing in this case and makes reference to an affirmation of a later sentence imposed after a violation and goes on to state: "[t]he defendant is once again incorrect as to his sentence, as such this motion is legally and factually wrong" but provides no elaboration of what portion of the motion is incorrect or what impact the resentencing had with regard to the claims made in Defendant's present motion. Neither the trial court nor the State provided any record documentation to substantiate the Order. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts that specifically

address the appellant's sentencing argument and conclusively show that the appellant is not entitled to any relief.

Reversed and remanded for further proceedings.